UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAQUIN SANTOS BAUTISTA, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 11-10096-JLT |
| | * |
| SHERIFF ANDREA J. CABRAL, | * |
| | * |
| Respondent. | * |

MEMORANDUM

May 24, 2011

TAURO, J.

I. Introduction

In January 2011, Joaquin Santos Bautista filed a Petition for Writ of Habeas Corpus to remedy his allegedly unlawful detention. Presently at issue is Respondent's Motion to Dismiss [#4]. For the following reasons, that Motion is ALLOWED.

II. Background

Petitioner is a native and citizen of El Salvador.[1] He entered the United States illegally in 1994, when he was twenty-eight years old.[2] In 1995, Petitioner filed an application for political asylum.[3] On October 25, 2010, the Board of Immigration Appeals ("BIA") issued a final order

---

[1] Pet. Writ Habeas Corpus ¶ 1 [#1].

[2] See Pet. Writ Habeas Corpus ¶ 7 [#1].

[3] Pet. Writ Habeas Corpus ¶ 7 [#1].

denying Petitioner's application and ordering him removed.[4]  On  January 4, 2011, Immigration and Customs Enforcement took Petitioner into custody for execution of the removal order.[5]

On January 11, 2011, Petitioner, through counsel, submitted an administrative motion to reopen the October 25, 2010 removal order of the BIA.[6]  On January 17, 2011, U.S. Citizenship and Immigration Services ("USCIS") received Petitioner's late application for Temporary Protected Status.[7]  On January 18, 2011, Petitioner filed a petition for writ of habeas corpus in this court.[8]  On January 24, 2011, USCIS issued a Rejection Notice in response to Petitioner's submission.[9]

III.　Discussion

Petitioner argues that he should be accorded the same status as a noncitizen granted Temporary Protected Status ("TPS") under section 244 of the Immigration and Nationality Act.[10] TPS is

> a temporary immigration status granted to eligible nationals of designated countries or part of a designated country.  During the period for which the Attorney General has designated a country under the TPS program, TPS beneficiaries are not required to leave the United

---

[4] Pet. Writ Habeas Corpus ¶ 7 [#1].

[5] See Pet. Writ Habeas Corpus ¶ 1 [#1].

[6] See Mem. Law Supp. Mot. Dismiss, Ex. A [#5].

[7] See Mem. Law Supp. Mot. Dismiss, Ex. B [#5].

[8] See Pet. Writ Habeas Corpus [#1].

[9] See Mem. Law Supp. Mot. Dismiss, Ex. B [#5].

[10] 8 U.S.C. § 1254a; see Pet. Writ Habeas Corpus ¶¶ 6, 8, 9, 11, 13, 15 [#1].

States and may obtain work authorization.[11]

Every noncitizen of a foreign state designated for the TPS program must demonstrate individual eligibility under the statute.[12] A noncitizen may establish individual eligibility for the TPS program with "an employment authorization document."[13]

On March 9, 2001, the Attorney General designated El Salvador for the TPS program for a period of eighteen months.[14] Petitioner erroneously equates this designation with an "announce[ment] that Salvadorans residing in the United States as of February 13, 2001 had been granted Temporary Protected Status."[15] Petitioner cites to the regulation accepting an employment authorization document as evidence of TPS eligibility,[16] but Petitioner has not provided any evidence of such a document. In fact, it does not appear that Petitioner has filed any cognizable application for TPS status.[17] Moreover, because Petitioner failed to file a TPS application within sixty days of his final order of removal, it is this court's understanding that any attempt by Petitioner at a "late initial registration" would be denied.[18]

---

[11] 66 FR 14214, AG Order No. 2404-2001; Mem. Law Supp. Mot. Dismiss, Ex. C [#5] (attaching 66 FR 14214).

[12] See 8 U.S.C. § 1254a(c) (defining "[a]liens eligible for temporary protected status"); id. § 1254a(a), (b); see also 8 C.F.R. § 244.10(a) (requiring a TPS applicant to "establish[] prima facie eligibility for Temporary Protected Status").

[13] 8 C.F.R. § 244.10(e)(1).

[14] See 66 FR 14214; Mem. Law Supp. Mot. Dismiss, Ex. C [#5].

[15] Pet. Writ Habeas Corpus ¶ 6 [#1].

[16] See Pet. Writ Habeas Corpus ¶ 13 [#1].

[17] See Mem. Law Supp. Mot. Dismiss, Ex. B [#5].

[18] See 66 FR 14214; Mem. Law Supp. Mot. Dismiss, Ex. C [#5].

3

IV.     Conclusion

For the foregoing reasons, Petitioner is not eligible for habeas relief.  Accordingly, Respondent's Motion to Dismiss [#4] is ALLOWED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
    United States District Judge